## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CHRISTIAN J. LOYD**                                                                                             **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 4:20-CV-P110-JHM**

**DAVIESS COUNTY DETENTION CENTER et al.**                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Christian J. Loyd filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at the Daviess County Detention Center (DCDC). He names as Defendants the DCDC and, in their official capacities, the following DCDC employees: Major Jack Jones; Sgt. Bryan Myers; and Deputy James Emmick.

Plaintiff alleges that his "cell keeps leaking water on [his] bed." He states that his legs have scars from bug bites and that he has twice asked to move cells with no luck. He further states that he gave Defendant Emmick a note explaining that he had a "conflict plus bugs were biting me[.] I need to be moved cells and still no one moved me." He also asserts that on June 26, 2020, while in court from 10:00 a.m. to 11:00 a.m., "there were inmates in restriction from population b/c corna virus they had no masks and closer than six feet."

As relief, Plaintiff asks for monetary and punitive damages and to be transferred to another jail.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court finds that Plaintiff's allegations related to the conditions of his cell; that he was refused a transfer to another cell; and that he was in proximity to other inmates "in restriction from population b/c corna virus" fail to state a claim upon which relief may be granted as set forth below.

The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). The Sixth Circuit has "historically analyzed Fourteenth Amendment pretrial detainee claims and

Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (*quoting Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[1]

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotation marks omitted); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) ("To succeed in an Eighth Amendment challenge, [a prisoner] must establish that . . . a single, identifiable necessity of civilized human existence is being denied . . . ."). The Constitution "does not mandate comfortable prisons." *Wilson*, 501 U.S. at 298 (internal quotation marks and citation omitted).

In the instant case, Plaintiff has failed to state a claim because his allegations do not satisfy the objective requirements. *See Schwab v. Kent Cty. Corr. Facility*, No. 1:20-CV-290, 2020 WL 1969379, at *8-9 (W.D. Mich. Apr. 24, 2020) (finding that pretrial detainee did not allege objective requirements of a constitutional violation for his allegations that "the jail is too cold, the cleaning supplies are inadequate, the hot water is inadequate, the hygiene supplies are inadequate, or that exercise opportunities are inadequate"), *appeal dismissed sub nom.*, *Schwab v. Kent Cty.*, No. 20-1531, 2020 WL 5357824 (6th Cir. July 21, 2020); *Taylor v. Clark*, No. 3:19-

---

[1] At this time, the Sixth Circuit has recognized only one explicit exception to the general rule that rights under the Eighth Amendment are analogous to rights under the Fourteenth Amendment. This exception applies to excessive-force claims brought by pretrial detainees. *Id.* at 938 n.3 (noting that *Kingsley v. Hendrickson*, ––– U.S. –––, 135 S. Ct. 2466 (2015), abrogated the subjective-intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs claims by pretrial detainees may be shifting, but declining to apply the *Kingsley* standard to a claim of deliberate indifference to a serious medical need brought by a pretrial detainee).

CV-P763-RGJ, 2019 WL 6898672, at *2 (W.D. Ky. Dec. 18, 2019) (dismissing pretrial detainee's "claims based upon the presence of insects at LMDC because he has failed to provide any detail regarding the level or length of his exposure to these conditions, his proximity to these conditions, or the effects of this exposure on him, if any.") (citing *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017)); *Harris v. Ohio*, No. 1:19-CV-383, 2019 WL 2477354, at *6 (S.D. Ohio June 13, 2019) (finding that plaintiff's conclusory allegations that his cell was generally filthy, the ventilation was not properly functioning, and bugs were in his cell did not amount to a deprivation of "the minimal civilized measure of life's necessities."), *report and recommendation adopted*, No. 1:19-CV-383, 2020 WL 3893694 (S.D. Ohio July 10, 2020); *Oliver v. Powell*, 250 F. Supp. 2d 593, 604 (E.D. Va. 2002) (finding that allegations that cell contained roaches, leaky toilets, peeling paint and writing on the wall did not state a claim under the Eighth Amendment).

Further, Plaintiff does not have a constitutionally protected right to be assigned to a particular prison, security classification, or housing assignment. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976). *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995) (confinement in particular part of prison or jail does not implicate due process absent "atypical and significant hardship" "in relation to the ordinary incidents of prison life"). Although Plaintiff states that part of the reason he asked to move cells was that he had a "conflict," he does not explain what "conflict" he is referring to. He does state that he is "in cell with federal inmate and I'm state inmate. Don't know if that matter but doesn't seem right." However, there is no constitutional right which prohibits housing federal and state inmates together. *See, e.g.*, *Blackwell v. Cascade Cty.*, No. CV1800013GFBMMJTJ, 2018 WL 5557112, at *3 (D. Mont. Aug. 3, 2018), *report and*

*recommendation adopted*, No. CV-18-13-GF-BMM-JTJ, 2018 WL 5473039 (D. Mont. Oct. 29, 2018).

Finally, the Court finds that Plaintiff's allegations related to other prisoners potentially exposing him to the coronavirus also fails to state a constitutional claim. He simply alleges that on one day, while in court for one hour, "there were inmates in restriction from population b/c corna virus they had no masks and closer than six feet." He does not state that he did not have a mask or whether any of the inmates in questions were later found to have the coronavirus much less that he himself contracted coronavirus as a result of this exposure. His claims are merely conclusory and lack the requisite factual specificity. Some factual basis for claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The Court is not required to accept such conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: November 23, 2020

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Daviess County Attorney
4414.009